IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**City of East St. Louis,** *et al.***,**

    **Plaintiffs,**

vs.                                                            No.   3:13-982-DRH-PMF

**United States Department of Housing
and Urban Development, et al.,**

    **Defendants.**

<u>**ORDER**</u>

**HERNDON, District Judge:**

### I.   INTRODUCTION

This matter is before the Court on the defendants' (the United States Department of Housing and Urban Development ("HUD"), Shaun Donovan, Secretary of HUD, and John Finger) motion to dismiss plaintiffs' claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Doc. 36).

### II.   BACKGROUND

**A.   Public Housing Program**

The public housing program established by the United States Housing Act of 1937, 42 U.S.C. §§ 1437-1440 (the "Act" or "Housing Act"), is a federal grant program under which HUD provides formula-based assistance to local public housing authorities ("PHAs") for the development, operation, maintenance and modernization of public housing projects. Responsibility for administering housing

programs is vested in local PHAs rather than in the federal government. *See* 42 U.S.C. § 1437 ("It is the policy of the United States . . . to vest in local public housing agencies the maximum amount of responsibility in the administration of their housing programs."). Under the Housing Act, HUD provides monetary assistance to PHAs for the development, operation, and maintenance of low-income housing. 42 U.S.C. §§ 1437b-1437i. In exchange for the subsidy, PHAs must comply with federal regulations promulgated by HUD under the Housing Act. *See generally id*. § 1437 et seq. The terms of this grant agreement are set forth in Annual Contributions Contracts between HUD and the PHA. *See id*. § 1437d.

If a PHA substantially defaults on its obligation under such contract, the Housing Act – and in particular, paragraph (3) of section 6(j) of the Act (42 U.S.C. 1437d(j)(3)) – grants HUD broad discretion to deal with the problematic PHA. *See id*. § 1437d(j)(3). For example, it authorizes HUD to: solicit proposals for alternative management of the housing or programs of the PHA, § 1437d(j)(3)(A)(i); petition certain courts for the appointment of a "receiver" of the PHA, § 1437d(j)(3)(A)(ii); take possession of all or part of the PHA, § 1437d(j)(3)(A)(iv); and require the PHA to make other arrangements that are acceptable to HUD and in the best interest of housing program beneficiaries, § 1437d(j)(3)(A)(v).

The Housing Act expressly prohibits judicial review of any decision that the Secretary makes under paragraph (3). Specifically, the Act states: "A decision made by the Secretary under this paragraph shall not be subject to review in any court of the United States, or in any court of any State, territory, or possession of the United

States." 42 U.S.C. 1437d(j)(3)(E).

**B.    The Instant Litigation**

At issue in the instant case, is HUD's decision to exercise its discretion under paragraph (3) to "take possession" of the ESLHA and the operation of its federally supported projects in accord with § (A)(iv) of paragraph (3). This section of paragraph (3) allows HUD to "take possession" of a problematic PHA on its own initiative, without petitioning for a receiver or otherwise involving a court. Likewise, in conducting the affairs of the PHA, paragraph (3) specifically authorizes HUD to take various actions similar to those that receivers are specifically authorized to take, such as abrogating contracts, demolishing or disposing of PHA properties, preempting State or local civil service laws, or seeking consolidation of a PHA into other PHAs. *Id.* § 1437d(j)(3)(D)(i)(I)-(V).

In 1985, HUD determined that the ESLHA had substantially defaulted on its obligations. Accordingly, HUD exercised its discretion under paragraph (3) and elected to take possession of the ESLHA and the operation of its federally supported projects. Thereafter, HUD appointed a HUD employee, commonly referred to by HUD as an "administrative receiver," to exercise, control over the Housing Authority and its projects and programs. The ESLHA has remained under HUD's control ever since.

On August 22, 2013, the ESLHA, acting under HUD's control, decided to transfer control of one of the programs administered by the ESLHA, commonly known as the "Section 8 voucher program," to the St. Clair County Housing

Authority ("SCCHA"). The SCCHA now controls the voucher program in East St. Louis. Although the voucher program's operation was transferred to SCCHA, the ESLHA retains control over its public housing program, a separate and distinct program under the Housing Act. *See, e.g., Paris v. Department of Housing and Urban Development*, 843 F.2d 561, 563-64 (1st Cir. 1988) (discussing the two distinct programs).

Plaintiffs' First Amended Complaint asserts two claims related to the above series of events. Count I asks the Court to "terminate the HUD receivership," end HUD's control over the ESLHA, and "return it to the Local Commissioners" (Doc. 20 ¶ 73). Count II asserts that the 2013 transfer of the Section 8 voucher program was illegal and asks the Court to declare the transfer "null and void," and to enter an order requiring HUD to "cease and desist" further attempts to transfer assets and projects of the ESLHA (Doc. 20 ¶ 77).

### III. ANALYSIS

**A. Motion to Dismiss Standard**

Defendants' motion to dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(1), which allows a party to raise as a defense, by motion, a federal court's lack of subject matter jurisdiction over plaintiff's claims. Fed. R. Civ. P. 12(b)(1). The Seventh Circuit has stated that although a plaintiff may easily defeat a Rule 12(b)(6) motion to dismiss for failure to state a claim, the same is not true for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000). When a defendant

makes this challenge, the plaintiff bears the burden of establishing jurisdiction. The court must "accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (citations omitted). Yet, if necessary, the Court may also look beyond the jurisdictional allegations to evidence outside the pleadings to determine whether federal subject matter jurisdiction exists. *Id.* (citations omitted).

**B. Application**

Both counts of the plaintiffs' amended complaint involve actions taken by HUD under paragraph (3) of 42 U.S.C. § 1437(d)(j). Paragraph (3)(E) of § 1437(d)(j) unequivocally bars judicial review of decisions made under paragraph (3). Accordingly, the Court is precluded from reviewing the decision to take control of the ESLHA and has no authority to reverse that decision by "returning" control to the "Local Commissioners" as requested in Count I of the amended complaint. Likewise, the Court is without authority to review the decision, rendered in accord with paragraph (3), to transfer control of the Section 8 voucher program from the ESLHA to the St. Clair County Housing Authority (Count II).

The plaintiffs' contention that paragraph (3)(E)'s bar on judicial review is trumped by § 1437(d)(j)(3)(G) is not well taken. The cited section applies only where "the court" has made an "appointment" of a "receiver" under § 1437(d)(j)(3)(A)(ii) and (F), and "any party" to that proceeding submits a "petition" to have that appointment "terminated." No such "appointment" was made in the

instant case. Here, the secretary made a decision to retain "possession" of the ESLHA, as is authorized under paragraph (3). There is no court-initiated receivership to terminate.

The Court is equally unimpressed with the plaintiffs' arguments pertaining to whether the subject decision was made by the Secretary or the Housing Authority. The Court agrees with defendants on this point (Doc. 48 p. 4). The Court need not address additional arguments raised by the defendants as grounds for dismissal as it finds it lacks subject matter jurisdiction to review the disputed conduct under paragraph (3)(E).

## IV. CONCLUSION

For the reasons discussed herein, the Court finds that it lacks subject matter

jurisdiction to entertain both counts in the plaintiffs' amended complaint.

Accordingly, the motion to dismiss is **GRANTED.** This matter is therefore dismissed with prejudice. As a result of this action the other motion pending at Doc. 37 is rendered moot.

    **IT IS SO ORDERED.**
    Signed this 15th day of January, 2015.

David R. Herndon
2015.01.15
07:04:07 -06'00'

**District Judge**
**United States District Court**